# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

CHRISTINA MARSHALL, )
)
        Plaintiff, )
v. ) Case No. CIV-14-230-RAW-SPS
)
CAROLYN W. COLVIN, )
Acting Commissioner of the Social )
Security Administration, )
)
        Defendant. )

## REPORT AND RECOMMENDATION

The claimant Christina Marshall requests judicial review of the decision of the Commissioner of the Social Security Administration denying her application for benefits under the Social Security Act pursuant to 42 U.S.C. § 405(g). She appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") committed error in determining that she was not disabled. For the reasons discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful

work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on February 22, 1977, and was thirty-five years old at the time of the administrative hearing (Tr. 32). She completed high school, and has worked as an inspector/hand packager, general laborer in plastic products, and as a mental retardation aide (Tr. 17, 161). The claimant alleges she has been unable to work since November 1, 2007, due to reflex sympathetic dystrophy, shoulder problems, pain in lumbar spine and bilateral hips, depression, sinus tachycardia, left knee problems, and heart problems (Tr. 160).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on January 11, 2011. Her applications were denied. ALJ Doug Gabbard, II, conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated January 11, 2013 (Tr. 10-19). The Appeals Council denied review, so the ALJ's opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she could perform no climbing, and must be allowed to alternately sit and stand throughout the workday (Tr. 14). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was other work she could perform, *i. e.*, ticket seller, or cutter and paster (Tr. 18).

## Review

The claimant's sole contention of error is that the ALJ erred by failing to properly question the vocational expert ("VE") as to the claimant's need for a sit/stand option and therefore failing to make the appropriate findings related to the sit/stand option. Because the ALJ *did fail* to properly identify frequency of the sit/stand option, the decision of the Commissioner should be reversed and the case remanded for further proceedings.

The ALJ determined that the claimant had the severe impairment of arthrofibrosis of the left knee, along with the nonsevere impairments of reflex sympathetic dystrophy, lumbar back disease, bilateral hip pain, knee and leg pain, right shoulder problems, sinus tachycardia, heart problems, and depression (Tr. 13). At the administrative hearing, the claimant testified that she was attending a vocational school for becoming an Administrative Medical Assistant, and that she can sit but has to prop her leg up to prevent swelling, and that she does not have a good range of motion (Tr. 32, 38). She testified that she believed she would be able to work but would need a job where she

could "sit some and stand some," and that she elevates her leg at seat height to prevent swelling (Tr. 39-40). The ALJ called on vocational expert (VE) Charles Edward Smith to testify (Tr. 46). The ALJ discussed the claimant's past relevant work with the VE, and asked the following hypothetical: "Let me have you assume that we have a hypothetical person the same age, education, work experience as Ms. Marshall, who can perform light work with no climbing, and this person needs to have the ability to alternately sit and stand throughout the workday" (Tr. 48). The VE testified that such a person could not perform the claimant's past relevant work, but that she could do the jobs of ticket seller or cutter and paster, that would "allow the sit/stand option" (Tr. 49). There was no further discussion of the sit/stand requirement for this hypothetical, and the ALJ ultimately adopted this RFC, finding the claimant could perform these jobs (Tr. 14, 18).

In his written opinion, the ALJ summarized the claimant's testimony and much of the medical evidence. As relevant to this appeal, he noted that the claimant was in the process of completing schoolwork that was at least six hours per day, and had testified as to her hope to obtain a job in the future (Tr. 15). He noted she had some difficulty bending and straightening her leg all the way, but that no doctor had instructed her to elevate her legs, and though not dispositive, she sat through the forty-five-minute administrative hearing without moving in her chair (Tr. 15). Because the claimant's treating physician ultimately determined she had a 6% impairment of the left knee and left leg, the ALJ gave his opinion partial weight to the extent it supported the RFC. He noted two state agency physicians had recommended the full range of light work, but reduced that to "avoid climbing and must be allowed to alternately sit and stand

throughout the workday" (Tr. 16). He then determined that the claimant was not disabled.

Residual functional capacity is defined by the Social Security Regulations as what a claimant is capable of doing despite her mental and physical limitations. *Davidson v. Secretary of Health & Human Services*, 912 F.2d 1246, 1253 (10th Cir. 1990). RFC categories have been established based on the physical demands of various kinds of work in the national economy. 20 C.F.R. § 404.1567. RFC is a medical assessment based primarily on medical findings such as symptoms, signs, and laboratory results. Additionally, medical and non-medical sources also must be considered in determining the RFC. 20 C.F.R. § 404.1545(a). When the ALJ is assessing the RFC, he "must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (*i. e.*, 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

In this case, the ALJ found that any work the claimant could perform given her physical limitations would require the claimant to "alternately sit and stand throughout the workday" (Tr. 14), but he did not specify the parameters of the sit/stand option. The claimant argues that this was error, and the undersigned Magistrate Judge agrees. Under Soc. Sec. R. 96-9p, "An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing."

1996 WL 374185, at *7 (July 2, 1996).  Although it is true that Soc. Sec. R. 96-9p applies in the case of *sedentary work*, not *light work*, *see Vititoe v. Colvin*, 549 Fed. Appx. 723, 731 (10th Cir. 2013) ("But SSR 96-9p applies in cases where the claimant is limited to less than the full range of *sedentary work* and the disability determination is not directed by the Grids.  Here the ALJ found that Mr. Vititoe retains the capacity to perform less than the full range of *light work*, so SSR 96-9p is not applicable."), those guidelines are still applicable in this case because "[p]recisely how long a claimant can sit without a change in position is also relevant to assumptions whether [s]he can perform light work." *Vail v. Barnhart*, 84 Fed. Appx. 1, 4 (10th Cir. 2003), *citing* 20 C.F.R. § 404.1567(b). This is consistent with Soc. Sec. Rul. 83-12, which states:

> In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work. (Persons who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work.) [ M]ost jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a [VE] should be consulted to clarify the implications for the occupational base.

(Program Policy Statement -103) 1983 WL 31253, at *4.

Here, the ALJ simply stated that the claimant would need to alternate sitting and standing "throughout the day."  The Commissioner argues without support that this "has

to" mean that the ability to sit and stand is "at will," but the undersigned Magistrate Judge disagrees. *Verstraete v. Astrue*, 2013 WL 238193, at *5 (D. Kan. Jan. 22, 2013) ("[T]he ALJ's RFC findings failed to specifically indicate the frequency of plaintiff's need to alternate sitting and standing. The court will not imply such a finding by the ALJ, especially given that any specific finding by the ALJ would have to be supported by evidence in the record."). *See also Newton v. Colvin*, 2013 WL 6169298, at *3 n.3 (W.D. Okla. Nov. 21, 2013) ("Because the question of how often a claimant can sit without changing positions is equally important when light work is involved, *see* 20 C.F.R. § 404.1567(b), courts have frequently relied on SSR 96-9p when assessing opinions that a claimant cannot perform a full range of light work."), *citing Vail*, 84 F. Appx. at 4-5 *and Verstraete*, 2013 WL 238193, at *3-5. Furthermore, even if the Court could find that the sit/stand option included in the claimant's RFC was intended by the ALJ to be at will, it is unclear whether the VE understood this to be what the ALJ intended, and thus likewise unclear whether the claimant can perform the jobs found by the ALJ given the need to sit or stand at will throughout the workday.

Accordingly, the decision of the Commissioner should be reversed and the case remanded for further analysis of the claimant RFC, in particular her limitations related to the frequency needed for a sit/stand option. If such analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent herewith.

**DATED** this 11th day of September, 2015.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**